KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Mary E. HATCHER, Respondent.

No. 96–SC–650–KB.

Supreme Court of Kentucky.

Sept. 26, 1996.

As Amended Sept. 27, 1996.

### OPINION AND ORDER

On July 13, 1995 the Inquiry Tribunal of the Kentucky Bar Association charged that Respondent, Mary E. Hatcher, violated SCR 3.130–1.4(a) in that she failed to keep her clients reasonably informed about the status of their legal matters nor did she promptly comply with requests for information; and that she further violated subsection (b) in that she failed to explain the legal matter to her clients to the extent necessary to allow them to make informed decisions about their representation. The Inquiry Tribunal also charged Respondent with a violation of SCR 3.130–8.3(c) in that her failure to file a civil action after being directed and paid to do so by her clients and misrepresenting to her clients that the action had been filed involves "dishonesty, fraud, deceit or misrepresentation."

Respondent was retained to represent the interests of Johnny and Lana Schooley, husband and wife, in connection with the purchase of a home in Rineyville, Kentucky, and the rental of that home prior to purchase. The representation commenced in March 1994 and was terminated in August 1994. The Schooleys alleged that Respondent refused to return phone calls and cancelled appointments, thus failing to keep them informed about their legal matter. Further, the Schooleys alleged that Respondent had stated that a civil suit had been filed in their matter, when in fact, such had not been done.

The Board of Governors found that Respondent was, in fact, guilty of a violation of SCR 3.130–1.4(a) and (b) in that she failed to appropriately communicate with the Schooleys by returning phone calls and failed to fully and reasonably explain the legal matter sufficiently to allow the Schooleys to make informed decisions regarding their representation. However, the Board determined that Respondent was not guilty of a violation of 3.130–8.3(c) in that there was inadequate proof to sustain a charge that the Respondent's conduct involved dishonesty, fraud, deceit or misrepresentation. A Board majority has recommended that Respondent receive a public reprimand.

Upon consideration of the record, the Board's recommendation, and the fact that Respondent has received a prior private reprimand, this Court hereby publicly reprimands Mary E. Hatcher. Her conduct constitutes a violation of SCR 3.130–1.4(a) and (b) and SCR 3.130–8.3(c). Additionally, Respondent is ordered to pay the costs of this proceeding, totalling $1,247.73.

All concur.

Entered: September 26, 1996.

/s/ Robert F. Stephens
Chief Justice